OPINION OF THE COURT
Memorandum.
The order of the Appellate Division which modified a judgment of Supreme Court, New York County, awarding primary custody of the parties’ child to petitioner, *998 should be affirmed, with costs. The appeal from the order of the Appellate Division which, inter alia, unanimously affirmed an order of Supreme Court, New York County, denying respondent’s motion for a new trial should be dismissed, without costs, upon the ground that no appeal as of right lies from this order.
In this child custody proceeding, the trial court found that, although both parents are fit to raise the child, the welfare of the child would best be served by placing primary custody in the petitioner mother. Very important in this connection was the court’s determination that if the father were to receive primary custody, he would endeavor to fully integrate the child into his separate family, significantly downplaying the role of the child’s natural mother, jeopardizing both the child’s sense of identity and his relationship with his natural mother. A similar undesirable design on the part of the mother was not perceived. In seeking to effectuate the “first and paramount concern” of the best interests of the child (Eschbach v Eschbach, 56 NY2d 167; Obey v Degling, 37 NY2d 768), the trial court properly considered the effect that an award of custody to one parent might have on the child’s relationship with the other parent. The trial court’s factual findings on this issue, as affirmed by the Appellate Division, find support in the record, and therefore are not subject to further review by this court (Matter of Infant D., 34 NY2d 806; see, generally, Cohen and Karger, Powers of the New York Court of Appeals, pp 453-455).
Although the trial court awarded primary custody to the mother, it also provided for joint custody in the two parents, based upon a. finding that the parties were capable of cooperating to jointly raise the child and to provide for his needs as a common enterprise. We agree with the Appellate Division, however, that the existence of sharp differences between the parties makes an award of joint custody inappropriate. Such shared responsibility for and control of the child’s upbringing is not properly ordered where, as here, the parents have evidenced an inability to cooperate on matters concerning the child (see Braiman v Braiman, 44 NY2d 584).
*999 Those remaining issues raised by respondent which are within the court’s power to review are without merit.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
On the appeal from the order of the Appellate Division which modified the judgment of Supreme Court, New York County: Order affirmed, with costs.
On the appeal from the order of the Appellate Division which, inter alia, unanimously affirmed an order of the Supreme Court, New York County, denying a motion for a new trial: Appeal dismissed, without costs.