■ VERA TROLF, Appellant, v GERNOT TROLF, Respondent.— In a matrimonial action, the plaintiff appeals from an order of the Supreme Court, Nassau County (Levitt, J.), entered July 17, 1985, which, *inter alia,* granted that branch of the defendant's application which was to award the parties joint custody of their infant issue.

Ordered that the order is reversed, on the law, without costs or disbursements, the application is denied, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

An award of joint custody is only appropriate where the parties involved are relatively stable, amicable parents who can behave in a mature, civilized fashion *(see, Braiman v Braiman,* 44 NY2d 584, 589-590; *Matter of Sooy v Sooy,* 101 AD2d 287, *affd* 64 NY2d 946). They must be capable of cooperating in making decisions on matters relating to the care and welfare of the children *(see, Robinson v Robinson,* 111 AD2d 316, *appeal dismissed* 66 NY2d 613; *Matter of Bishop v Lansley,* 106 AD2d 732). At bar, although the evidence adduced established that both of the parties are fit parents and love their children, the record is replete with examples of the hostility and antagonism between them and it has been demonstrated that they are unable to put aside their differences for the good of their children. Thus, an award of joint custody is not appropriate *(see, Bliss v Ach,* 56 NY2d 995; *Matter of Patricia R. v Thomas R.,* 93 AD2d 105, *appeal dismissed* 59 NY2d 761; *Seago v Arnold,* 91 AD2d 835; *Bergson v Bergson,* 68 AD2d 931). Custody of the children shall remain with their mother.

The matter is remitted to the Supreme Court, Nassau County, to afford the parties an opportunity to come to some sort of an agreement regarding the defendant's visitation rights, which we believe should be liberal. The plaintiff's job, which evidently consistently requires her to be away from home three days a week, offers a perfect opportunity for the defendant to keep the children overnight on a regular basis, and this opportunity should be utilized by the parties in reaching an agreement. We also believe it to be in the children's best interests to allow them to spend some vacation time, as well as certain holidays, with their father. If the parties cannot reach an acceptable agreement, the court is

directed to impose an arrangement on them, taking into account the foregoing. Thompson, J. P., Niehoff, Kunzeman and Sullivan, JJ., concur.