■ In the Matter of GEORGE W. S., Appellant-Respondent, v DONNA S., Respondent-Appellant.—In a child custody proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from stated portions of an order of the Family Court, Suffolk County (McNulty, J.), dated June 25, 1992, which, after a hearing, *inter alia,* granted the parties joint custody of the child, with the child residing with the father on condition that he reside within a five-mile radius of the former marital residence, and the mother cross-appeals, as limited by her brief, from so much of the order as denied her application for sole custody.

Ordered that the order is reversed, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County for complete psychological evaluations of the parties and the child and for a hearing de novo in accordance herewith before a different Judge; and it is further,

Ordered that the hearing shall be held with all deliberate speed; and it is further,

Ordered that pending a new determination as to custody, the child shall continue to reside with the father, and the present visitation rights of the mother shall remain in effect.

This proceeding involves a dispute over custody of the parties' daughter, born April 16, 1984. Between 1988 and 1991, the mother was twice voluntarily hospitalized in South Oaks Psychiatric Hospital in Amityville, Suffolk County (hereinafter South Oaks) for an eating disorder and depression. Although initially supportive, the father became less so during the mother's second hospitalization. After learning of the

mother's extramarital affair with a hospital employee, the father felt that the parties' marriage was beyond repair and refused to discuss reconciliation with the mother. Eventually, he had an affair with a neighbor. When he informed the mother of this affair and again refused her pleas to reconcile, the mother attempted suicide. As a result, she was hospitalized a third time.

Following an incident in which the father allegedly physically assaulted the mother, she sought an order of protection and custody of the child. Thereafter, the father petitioned for custody, due to the mother's psychiatric problems, and was awarded temporary custody of the daughter pending a hearing on the matter.

In addition to the mother's psychiatrist, who testified concerning her hospitalizations, a social worker who counseled the father in group meetings testified that the father suffered from a borderline post-traumatic stress disorder. After the hearing, at which the child refused to speak to the Family Court Judge in camera, the court found, *inter alia,* that the mother and father are not on speaking terms. Nevertheless, it awarded joint custody of the child to the mother and father, with the child to reside with the father. The court stated that joint custody was appropriate because the mother and father could agree on conduct which was in the best interest of the child.

It is well settled that the primary concern in a custody proceeding is the best interest of the child, and what will best promote his or her welfare and happiness *(see, Eschbach v Eschbach,* 56 NY2d 167, 171; *LaBow v LaBow,* 59 NY2d 956; Domestic Relations Law § 70). A custody determination requires evaluating the testimony, character, and sincerity of the parties, evaluations which are best made by the trial court *(Eschbach v Eschbach, supra,* at 173; *Matter of Irene O.,* 38 NY2d 776). However, while the Family Court's findings are entitled to great respect, a determination should not be allowed to stand where it lacks a sound and substantial basis in the record *(see, Klat v Klat,* 176 AD2d 922, 923; *Walash v Walash,* 183 AD2d 1).

Although joint custody is encouraged as a voluntary alternative *(see, Braiman v Braiman,* 44 NY2d 584, 589), it is appropriate only in cases "where the parties involved are relatively stable, amicable parents who can behave in a mature, civilized fashion" *(Trolf v Trolf,* 126 AD2d 544; *Janecka v Franklin,* 143 AD2d 731, 732). It is inappropriate, however,

where the parties are antagonistic towards each other and have demonstrated an inability to cooperate on matters concerning the child *(see, Bliss v Ach,* 56 NY2d 995; *Braiman v Braiman, supra),* or where the parties are unable to put aside their differences for the good of the child *(see, Carr v Carr,* 171 AD2d 776). Where it is imposed by the court upon "embattled and embittered parents, accusing one another of serious vices and wrongs, it can only enhance familial chaos" *(Braiman v Braiman, supra,* at 590).

The court improperly awarded the parties joint custody in this proceeding. Although both parties love the child, the Family Court found that neither parent is free from psychological problems. The record is also replete with examples of hostility and antagonism between the parties, indicating that they are unable to put aside their differences for the good of the child. Thus, an award of joint custody is not appropriate *(see, Trolf v Trolf, supra).*

However, there is insufficient evidence before us to determine which parent should be the custodial parent. Therefore, the matter must be remitted to the Family Court so that complete psychological evaluations may be made of the parties and the child *(see, Walash v Walash, supra).*

We also note that the court improperly directed that if the father relocates outside a five-mile radius from the marital home, "physical custody *shall* be placed in the [mother]" (emphasis added). "While the court absolutely has the right to ensure compliance with its directives * * * it is not proper to determine, in advance, that [the father] will be stripped of child custody for * * * non-compliance with a court order as this disposition wholly fails to consider the single most important consideration, namely, the best interests of the [child]" *(Rybicki v Rybicki,* 176 AD2d 867, 871).

We have reviewed the parties' remaining contentions and find them to be without merit. Lawrence, J. P., Copertino, Pizzuto and Santucci, JJ., concur.