■ In the Matter of MARYSUE A. BORNHOLDT, Respondent, v VICTOR ALFIERI, JR., Appellant. [607 NYS2d 712] —In a custody proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Nassau County (DeMaro, J.), entered October 3, 1991, as, after a hearing, modified the parties' judgment of divorce by granting sole legal and physical custody of the parties' children to the mother. The father's notice of appeal from the decision dated August 7, 1991, is deemed a premature notice of appeal from the order (see, CPLR 5520 [c]).

Ordered that the order is affirmed, with costs.

The Family Court did not improvidently exercise its discretion by modifying the joint custody arrangement to grant sole legal and physical custody of the parties' children to the mother. The record clearly indicates that the parties were unable to communicate in a mature, civil manner. Therefore, the joint custody arrangement was no longer viable (see, Braiman v Braiman, 44 NY2d 584, 589-590; Matter of Sooy v Sooy, 101 AD2d 287, 288, affd sub nom. Matter of Louise E. S. v W. Stephen S., 64 NY2d 946; Dodd v Dodd, 93 Misc 2d 641).

Additionally, the Family Court properly found that an award of sole custody to the mother was in the best interests of the children based upon the testimony of the parties, the recommendations of the examining psychiatrist and the Law Guardian, the forensic and probation reports, and the court's in camera interview of the children (see, Eschbach v Eschbach, 56 NY2d 167; Matter of Bennett v Jeffreys, 40 NY2d 543, 551). Bracken, J. P., Sullivan, Krausman and Goldstein, JJ., concur.