■ In the Matter of LAURA A. K., Respondent, v TIMOTHY M., Appellant-Respondent, and BARBARA J. STRAUSS, Respondent-Appellant. (Proceeding No. 1.) In the Matter of TIMOTHY M., Appellant, v LAURA A. K., Respondent. (Proceeding No. 2.) [611 NYS2d 284] —In two separate proceedings, *inter alia,* to determine child custody and visitation, (1) the father appeals in Proceeding No. 1, from so much of an order of the Family Court, Orange County (Bivona, J.), dated March 23, 1992, as, after a hearing, denied his petition for joint custody, (2) the law guardian cross-appeals from so much of the same order as granted the father expanded rights of visitation with his son, and (3) the father appeals, in Proceeding No. 2, from an order of the same court, dated February 25, 1993, which, after a hearing, *inter alia,* limited the father's visitation with his son to Sundays from 1:00 P.M. to 4:00 P.M. under the supervision of a certified social worker.

Ordered that the cross-appeal is dismissed as abandoned; and it is further,

Ordered that the order dated March 23, 1992, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated February 25, 1993 is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs, payable by the appellant.

It is well settled that the primary concern in a custody proceeding is the best interest of the child and what will best promote his or her welfare and happiness *(see,* Domestic Relations Law § 70; *LaBow v LaBow,* 59 NY2d 956; *Eschbach v Eschbach,* 56 NY2d 167, 171; *Matter of George W. S. v Donna S.,* 187 AD2d 657). Although joint custody is encouraged as a voluntary alternative *(see, Braiman v Braiman,* 44

NY2d 584, 589), it is appropriate only in cases " 'where the parties involved are relatively stable, amicable parents who can behave in a mature, civilized fashion' " *(Matter of George W. S. v Donna S., supra,* at 658, quoting *Trolf v Trolf,* 126 AD2d 544; *see also, Janecka v Franklin,* 143 AD2d 731, 732). It is inappropriate, however, where the parties are antagonistic towards each other and have demonstrated an inability to cooperate on matters concerning the child *(see, Bliss v Ach,* 56 NY2d 995, 998; *Braiman v Braiman, supra).*

Here, the record is replete with examples of hostility and antagonism between the parties, indicating that they were unable to put aside their differences for the good of the child. Given this factor, and given the mother's role as the primary care provider, sole custody was properly awarded to the mother *(see, Matter of George W. S. v Donna S., supra; Carr v Carr,* 171 AD2d 776).

The court also properly limited the father's visitation with his son to Sundays from 1:00 P.M. to 4:00 P.M. under the supervision of a certified social worker. The court's determination, based in part upon an *in camera* interview with the child and the corroborating testimony of a clinical psychologist, had a sound and substantial basis in the record and should not be disturbed *(see, Eschbach v Eschbach,* 56 NY2d 167, *supra; Nacson v Nacson,* 166 AD2d 510; *Alfano v Alfano,* 151 AD2d 530).

The father's remaining contentions are either unpreserved for appellate review *(see,* CPLR 4017, 5501; *Matter of Sowa v Looney,* 23 NY2d 329; *People v Johnson,* 173 AD2d 852; *Gunnarson v State of New York,* 95 AD2d 797), or without merit. Bracken, J. P., Lawrence, Ritter and Pizzuto, JJ., concur.