■ MICHAEL J. FORZANO, Appellant, v DONNA M. SCUDERI, Respondent. [637 NYS2d 767] —In an action for divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from (1) so much of a decision of the Supreme Court, Nassau County (Segal, J.), dated October 7, 1994, as, after a trial, awarded custody of the parties' son to the defendant wife and denied his applications for maintenance and attorneys' fees, (2) so much of a judgment of divorce of the same court, dated December 7, 1994, entered upon the decision, as awarded the same relief, and (3) so much of an order of the same court, dated May 30, 1995, as denied his motion to modify the judgment of divorce to provide him with sole custody.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see, Schicchi v Green Constr. Corp., 100 AD2d 509); and it is further,

Ordered that the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The husband, a patent attorney, and the wife, a radiologist, were married in 1988, had one child, Matthew, in December 1991, and separated in March 1993. The husband commenced an action for divorce and sought joint custody of the child. The Supreme Court, inter alia, granted the divorce and awarded sole custody to the wife and liberal visitation to the husband. Upon our review of the record, we find that it provides a sound and substantial basis for the court's determination (see, Esch-

*bach v Eschbach,* 56 NY2d 167; *Friederwitzer v Friederwitzer,* 55 NY2d 89).

Joint custody is inappropriate where, as here, the parties have demonstrated an inability or unwillingness to cooperate in making decisions on matters relating to the care and welfare of the child *(see, Bliss v Ach,* 56 NY2d 995; *Braiman v Braiman,* 44 NY2d 584; *Trolf v Trolf,* 126 AD2d 544). Although the court-appointed psychiatrist, Dr. Raymond Behr, recommended joint custody with mediation, he also testified that the substantial antogonism and hostility between the parties made it highly unlikely that they could maintain a harmonious relationship. As noted by the court, Dr. Behr's recommendation for an award of joint custody is incongruous with his further recommendation that mediation was also required. In any event, the court is not required to follow the recommendation of an expert it has appointed *(see, Alanna M. v Duncan M.,* 204 AD2d 409).

Although both parties appear to be capable and loving parents, it is in the best interests of the child for the wife to have sole custody. The husband exhibited an inability to control his anger toward the wife, even in the presence of Dr. Behr, and sought joint custody, in part, to maintain a relationship with her. Moreover, the wife has been the child's primary caretaker since birth. Although both parties worked full-time and shared in child care duties, it was the wife who assumed the bulk of the duties and hired, trained, and supervised the nanny. Awarding custody to the mother also allowed the child to continue being cared for by the same nanny he had known most of his life.

The court properly rejected as unfounded the husband's allegations that, if given sole custody, the wife would alienate the child from him. The record shows that the wife fully complied with the temporary visitation schedule and that the husband was not without fault in the parties' ongoing battles regarding visitation, telephone access, and other matters concerning the child. In any event, the court established a very liberal visitation schedule and, in a subsequent order, set forth specific guidelines to ensure that the husband would not be excluded from the child's life.

In his motion to modify the custody award made four months after entry of the judgment of divorce, the husband failed to allege any change in circumstances to warrant a change in custody *(see, Eschbach v Eschbach,* 56 NY2d 167, *supra; Matter of Krebsbach v Gallagher,* 181 AD2d 363). The court, nonetheless, granted his motion to the extent of establishing additional

guidelines regarding, *inter alia*, telephone access and the resolution of conflicts in the visitation schedule.

The court properly denied the husband's application for maintenance since he earned enough money to be self-supporting, the marriage was brief, and he is not the custodial parent. A disparity in the parties' incomes does not always require an award of maintenance *(see, Graham v Graham,* 175 AD2d 540).

The husband's remaining contentions are without merit. Rosenblatt, J. P., Hart, Krausman and Goldstein, JJ., concur.