■ CHARLEEN PALUMBO, Respondent-Appellant, v ROBERT PALUMBO, Appellant-Respondent. [738 NYS2d 90] —In an action for a divorce and ancillary relief, (1) the defendant husband appeals, as limited by his brief, from stated portions of (a) an order of the Supreme Court, Nassau County (LaFauci, J.H.O), dated July 29, 2000, which, inter alia, denied his motion for a new trial and to disqualify the Law Guardian, and (b) an order of the same court, dated August 1, 2000, which, inter alia, awarded custody of the parties' child to the plaintiff wife, and (2) the plaintiff wife cross-appeals, as limited by her brief, from stated portions of (a) the order dated July 29, 2000, which, inter alia, held in abeyance until the trial on the issue of equitable distribution those branches of her cross motion which were for leave to enter a money judgment in the sum of $11,975

representing certain forensic expert fees, to increase temporary maintenance from the sum of $125 per week to the sum of $300 per week and to increase temporary child support from the sum of $100 per week to the sum of $350 per week, and for an award of an additional interim attorney's fee in the sum of $40,000 and an interim accountant's fee in the sum of $3,500, and (b) the order dated August 1, 2000, which, inter alia, granted visitation to the defendant husband and, in effect, directed her to continue residing indefinitely in the present school district of the parties' daughter.

Ordered that on the Court's own motion, the notices of appeal and cross appeal from the order dated August 1, 2000, are treated as applications for leave to appeal, and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the order dated July 29, 2000, is modified, as a matter of discretion, by deleting the provision thereof holding in abeyance those branches of the plaintiff's cross motion which were for leave to enter a money judgment in the sum of $11,975, to increase weekly temporary maintenance and child support, and for an award of additional interim attorney's and accounting fees, and substituting therefor a provision granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the order dated August 1, 2000, is modified, on the law and as a matter of discretion, by (1) deleting the provision thereof which, in effect, directed the plaintiff to continue residing indefinitely in the daughter's present school district, and (2) deleting the provision thereof awarding the defendant visitation every other week from Monday at 8:00 A.M. to Sunday at 8:00 P.M. and for one half of the summer vacation and substituting therefor a provision awarding the defendant visitation every Wednesday from 3:30 P.M. through 8:00 P.M. and on alternate weekends from Friday at 5:00 P.M. until Sunday at 8:00 P.M. during the school year and for four weeks during the summer vacation; as so modified, the order is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The order dated August 1, 2000, is not appealable as of right as it does not decide a motion made on notice (see, CPLR 5701 [a]). However, under the circumstances leave to appeal has been granted.

Contrary to the defendant's contention, the Supreme Court's award of custody of the parties' daughter to the plaintiff, has a

sound and substantial basis in the record (*see, Eschbach v Eschbach,* 56 NY2d 167; *Barbato v Barbato,* 264 AD2d 792). The Supreme Court's custody determination is supported by evidence that the plaintiff would offer the daughter the best opportunity to separate, individuate, and to grow into her own person, without interfering in a positive relationship with the defendant, even though both parties were responsible and loving parents (*see, Barbato v Barbato, supra* at 793).

The Supreme Court also properly gave little weight to the defendant's experts who testified that he should be awarded custody of the child. The conclusions reached by the experts hired by the defendant were based upon inadequate information, and a biased one-sided description of events provided by the defendant (*see, Alan G. v Joan G.,* 104 AD2d 147, 154; *Matter of Gloria S. v Richard B.,* 80 AD2d 72, 76-77).

Equally without merit is the defendant's claim that the Supreme Court erred in failing to consider joint custody. An award of joint custody in this case would not be in the child's best interests, particularly in light of the acrimonious relationship between the parties, and their inability to communicate with each other and agree upon the care of the child (*see, Bliss v Ach,* 56 NY2d 995; *Braiman v Braiman,* 44 NY2d 584; *Forzano v Scuderi,* 224 AD2d 385).

The Supreme Court erred in its award of visitation to the defendant. While the court correctly rejected the defendant's request for joint custody, the award of visitation to the defendant, which provided that the daughter would reside with him on alternate weeks during the school year and for one half of the summer vacation, is inconsistent with the award of sole custody to the mother. As the parties are unable to deal amicably with one another, and the visitation schedule would interfere with the plaintiff's rights as the child's custodial parent and as primary decision maker, the award must be modified (*see, Matter of George W.S. v Donna S.,* 199 AD2d 272).

The Supreme Court also erred when it, in effect, directed the plaintiff to continue living in the daughter's present school district where she currently resides, particularly in light of her financial situation. Such a directive is counter to the principles enunciated in *Matter of Tropea v Tropea* (87 NY2d 727).

It was error for the trial court to hold in abeyance the interim relief sought by the plaintiff in her cross motion until the equitable distribution phase of this case.

Pursuant to Domestic Relations Law § 237, several prior court orders made the defendant responsible for the payment of the court-appointed experts' fees. However, the defendant

failed to pay those fees, thereby requiring the plaintiff to advance $11,975 to the experts. In light of the defendant's obligation to pay those fees, the economic disparity between the parties, and to prevent the defendant from obtaining an undue advantage, the Supreme Court should have granted that branch of the plaintiff's motion which was for an award of interim expert fees (*see, Anonymous v Anonymous,* 257 AD2d 458; *Altenkirch v Altenkirch,* 225 AD2d 725; *cf., Roach v Roach,* 193 AD2d 660).

Awards of an additional interim attorney's fee and accountant's fee were similarly warranted (*see, Altenkirch v Altenkirch, supra* at 725; *Plawner v Plawner,* 208 AD2d 408), as was an increase in temporary maintenance and child support. The awards for temporary maintenance and child support were originally granted in a pendente lite order, at a time when the plaintiff was still living with the defendant in the marital residence. However, she has since moved out of the marital residence with the parties' child, and thus, her expenses, including rent, have increased significantly. In light of these exigent circumstances, the plaintiff's application for an increase in temporary maintenance and child support should have been granted (*see, Meyer v Meyer,* 229 AD2d 354).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Prudenti, P.J., Altman, S. Miller and Cozier, JJ., concur.