■ GREG AMARI, Appellant, v MARIE MOLLOY, Respondent. [739 NYS2d 626] —In a matrimonial action in which the parties were divorced by a judgment dated June 23, 1999, the plaintiff appeals from an order of the Supreme Court, Kings County (Rigler, J.), dated October 20, 2000, which, *inter alia,* awarded custody of the parties' infant child to the defendant, and limited his visitation rights.

Ordered that the order is affirmed, with costs.

"A custody determination is a matter that rests within the sound discretion of the trial court and is accorded great deference on appeal as the trial court had the opportunity to assess the witnesses' demeanor and credibility" (*Kelley-Milone v Milone,* 256 AD2d 554; *see also Maloney v Maloney,* 208 AD2d 603; *Matter of Garvin v Garvin,* 176 AD2d 318). The trial court, upon consideration of all of the relevant circumstances, must determine what is in the best interests of the child (*see* Domestic Relations Law § 240; *Friederwitzer v Friederwitzer,* 55 NY2d 89; *Matter of Johnson v Cole,* 287 AD2d 632). The Supreme Court's determination that the best interests of the child would be served by awarding custody to the defendant has a sound and substantial basis in the record (*see Eschbach v Eschbach,* 56 NY2d 167; *cf. Matter of Chebuske v Burnhard-Vogt,* 284 AD2d 456).

Contrary to the defendant's contention, neither party sought joint custody. In any event, joint custody is inappropriate in this case because "the parties have demonstrated an inability or unwillingness to cooperate in making decisions on matters relating to the care and welfare" of their child (*Forzano v Scuderi,* 224 AD2d 385, 386; *see also Bliss v Ach,* 56 NY2d 995; *Tesler v Tesler,* 228 AD2d 491).

The appellant's remaining contentions are either without merit or not properly before this Court. O'Brien, J.P., Luciano, Townes and Crane, JJ., concur.