In the Matter of Louis Galanos, Respondent, v Suzanne Galanos, Appellant. [816 NYS2d 90]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Dutchess County (Forman, J.), dated May 5, 2005, which directed her to pay the forensic expert a fee of $2,878.20, and (2) an order of the same court dated July 1, 2005 which, after a hearing, awarded the parties joint legal custody of the children with primary physical custody to the father.

Ordered that the orders are affirmed, with one bill of costs.

The parties were married on October 7, 1990 and are the parents of two children. The father filed an emergency petition in October 2003 alleging that while the mother was in Las Vegas, Nevada, purportedly on business, she arranged for the children to be taken from their schools in the middle of the day

and brought to Nevada without his knowledge or consent. The father was subsequently awarded temporary custody of the children and the mother was directed to return the children to New York. Shortly thereafter, the mother filed a cross petition seeking sole custody of the children.

During the hearing, the Family Court, inter alia, heard extensive testimony from the parties and their relatives, and the report and testimony of the court-appointed forensic psychologist. After hearing all the evidence, the Family Court awarded the parties joint legal custody of the children with primary physical custody to the father, in conformity with the recommendation of the Law Guardian and the court-appointed forensic examiner.

The record supports the determination of the Family Court that awarding the father physical custody of the parties' children was in the children's best interests (see Eschbach v Eschbach, 56 NY2d 167 [1982]). The evidence at trial established that, although the mother presented convincing evidence of a loving relationship between her and the children, the father, who has had temporary custody of the children, is better able than the mother to place the children's needs before his own (see Matter of King v King, 225 AD2d 697, 698 [1996]; Dornbusch v Dornbusch, 110 AD2d 808, 809 [1985]). The Family Court's determination is further supported by the opinions of the court-appointed forensic psychologist and the Law Guardian (see Bains v Bains, 308 AD2d 557, 558 [2003]; Gorelik v Gorelik, 303 AD2d 553, 554 [2003]; Young v Young, 212 AD2d 114 [1995]), as well as by evidence that the children have thrived in the father's temporary custody (see Matter of Plaza v Plaza, 305 AD2d 607 [2003]; Matter of Coakley v Goins, 240 AD2d 573 [1997]), and that the father is the parent who is more likely to ensure meaningful contact between the children and the noncustodial parent (see Fanelli v Fanelli, 215 AD2d 718, 720 [1995]; Prugh v Prugh, 298 AD2d 569, 570 [2002]; O'Connor v O'Connor, 146 AD2d 909, 910 [1989]). Contrary to the mother's claim, a review of the court's decision indicates that it gave careful consideration to all relevant factors (see Matter of Picot v Barrett, 8 AD3d 288, 289 [2004]; Matter of Taylor v Lumba, 309 AD2d 941 [2003]; Miller v Pipia, 297 AD2d 362, 364 [2002]; Kuncman v Kuncman, 188 AD2d 517 [1992]).

In addition, the Family Court providently exercised its discretion in declining to conduct an in-camera interview of the parties' children (see Matter of Lincoln v Lincoln, 24 NY2d 270, 273-274 [1969]; Catalan v Catalan, 6 AD3d 482, 483 [2004]; Smith v Finger, 187 AD2d 711, 713-714 [1992]; Mascoli v

*Mascoli,* 132 AD2d 653, 654 [1987]), and in denying the mother's application for an order to compel the parties and the children to submit to further psychological evaluation, since there was no showing that the court-ordered evaluation was deficient (*see Rosenblitt v Rosenblitt,* 107 AD2d 292, 294 [1985]; *see also Matter of Quinn v Genovese,* 158 AD2d 602 [1990]; *Garvin v Garvin,* 162 AD2d 497, 499-500 [1990]).

The mother's remaining contention is without merit. Goldstein, J.P., Luciano, Rivera and Fisher, JJ., concur.