■ In the Matter of Jason Tavarez, Respondent, v Samantha Musse, Appellant. [817 NYS2d 667]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Pearl, J.), dated April 29, 2005, which, after a hearing, inter alia, awarded sole custody of the subject child to the father.

Ordered that the order is affirmed, without costs or disbursements.

The essential consideration in a custody determination is to promote the best interests of the child (*see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 95 [1982]). "Since the Family Court's custody determination is largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Plaza v Plaza,* 305 AD2d 607 [2003]; *see Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946, 947 [1985]).

Here, we discern no basis to disturb the Family Court's determination to award custody to the father with visitation rights to the mother—a conclusion supported by the record, as well as by the opinions of the court-appointed forensic evaluator and the Law Guardian (*see Galanos v Galanos,* 28 AD3d 554 [2006]; *Matter of Bowe v Robinson,* 23 AD3d 555, 556 [2005]; *Matter of Plaza v Plaza, supra; Matter of Solomon v Lee,* 302 AD2d 395 [2003]). Contrary to the mother's contention, joint custody of the child was not a viable option in this case due to the history of animosity between the parties (*see Braiman v Braiman,* 44 NY2d 584, 587 [1978]; *Palumbo v Palumbo,* 292 AD2d 358, 360 [2002]).

The mother's remaining contention is without merit. Florio, J.P., Santucci, Rivera and Fisher, JJ., concur.