■ In the Matter of MARY McCOY, Appellant, v CHARLES McCOY, Respondent. (And Related Proceedings.) [841 NYS2d 139]—

In related proceedings pursuant to Family Court Act articles 6 and 8, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Rockland County (Christopher, J.), dated January 3, 2006, as, after a hearing, awarded sole custody of the parties' child to the father.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In determining matters of custody, the paramount consideration is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). Where, as here, the Family Court has conducted a complete evidentiary hearing, as well as an in camera interview with the child, its findings must be accorded great weight (*see Matter of Brass v Otero*, 40 AD3d 752 [2007]), and its determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see Matter of Plaza v Plaza*, 305 AD2d 607 [2003]). Although the recommendations of court-appointed experts are entitled to some weight, the court is not required to follow them (*see Matter of Taylor v Lumba*, 309 AD2d 941, 942 [2003]; *Forzano v Scuderi*, 224 AD2d 385, 386 [1996]).

Here, upon finding that joint custody was inappropriate in light of the substantial antagonism and hostility between the parties (*see Matter of Fishburne v Teelucksingh*, 34 AD3d 804, 805 [2006]), and despite the contrary recommendation of the court-appointed forensic evaluator, the Family Court determined that the best interests of the child would be served by an award of sole legal and physical custody to the father. Upon our independent review of the record, we find that there was a sound and substantial basis for the court's determination (*see Eschbach v Eschbach, supra; Matter of McIver-Heyward v Heyward*, 25 AD3d 556 [2006]). Rivera, J.P., Ritter, Florio and Fisher, JJ., concur.