■ In the Matter of ALEXA GARCIA, Appellant, v WILLIAM ANTHONY SCRUGGS, Respondent. [843 NYS2d 166]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court,

Kings County (Hepner, J.), dated August 16, 2006, which dismissed, without a hearing, her petition to modify an order of custody and visitation dated April 11, 2006.

Ordered that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, the petition to modify the order of custody and visitation dated April 11, 2006 is reinstated, and the matter is remitted to the Family Court, Kings County, before a different judge, to allow the petitioner additional time to effect service of the petition or make application for alternative means of service, and to hear and determine the merits of the petition, in the event service is effected.

The parties, who were never married, appeared pro se on the mother's petition for custody and executed a form worksheet which made provisions for joint custody and visitation. An order awarding, inter alia, joint custody of the parties' infant child was signed by the Family Court on April 11, 2006, providing for physical custody to the mother and liberal visitation for the father. The Family Court's order was premised on the contents of that worksheet. There is no indication that the Family Court gave any consideration to the allegation in the petition for custody that the father had a history of verbal abuse toward the mother before making the award of joint custody.

The mother filed a petition on July 19, 2006 to modify the order of custody and visitation dated April 11, 2006, to award her sole custody. Multiple efforts at service of that petition on the father, by a deputy sheriff, were unsuccessful. In the order appealed from, the Family Court, sua sponte, dismissed the petition on the ground that the petition failed to allege a substantial change of circumstances. When the modification petition was filed, the Family Court conducted a check of the domestic violence registry, which revealed an outstanding temporary order of protection, issued by the New York City Criminal Court on the same date as the mother had originally petitioned for custody. However, the Family Court again did not consider the issue of possible domestic violence on the merits of the petition.

Contrary to the Family Court's determination, under the circumstances of this case, the allegations in the modification petition that the father continued to have no involvement in the child's life, as evidenced by the assertion that he failed to exercise any aspect of the liberal visitation he had been awarded, and the existence of a temporary order of protection based upon an allegation of domestic violence, were sufficient to warrant a hearing to determine whether a modification of the joint custody award was in the best interests of the child (*cf. Matter of Bat-*

*tista v Fasano,* 41 AD3d 712 [2007]; *Matter of Powell v Blumenthal,* 35 AD3d 615 [2006]; *Matter of Held v Gomez,* 35 AD3d 608 [2006]).

We also note that an award of joint custody is inappropriate if the parents have evidenced an inability or an unwillingness to cooperate regarding matters concerning their child (*see Bliss v Ach,* 56 NY2d 995 [1982]; *Matter of Fishburne v Teelucksingh,* 34 AD3d 804 [2006]; *Amari v Molloy,* 293 AD2d 431 [2002]). It is also appropriate to consider the impact of domestic violence, if found to exist, on the best interests of the child (*see* Domestic Relations Law § 240 [1]; *Matter of Rodriguez v Guerra,* 28 AD3d 775 [2006]). Prudenti, P.J., Santucci, Fisher and Angiolillo, JJ., concur.