■ In the Matter of HARRISON JOSEPH EDWARDS III, Respondent-Appellant, v LESLIE SAGE ROTHSCHILD, Appellant-Respondent. (Appeal No. 1.) In the Matter of HARRISON JOSEPH EDWARDS III, Appellant, v LESLIE SAGE ROTHSCHILD, Respondent. (Appeal No. 2.) [875 NYS2d 155]—

In related custody and visitation proceedings pursuant to Family Court Act article 6, (1) the mother appeals, as limited by

her brief, from so much of an order of the Family Court, Suffolk County (Boggio, Ct. Atty. Ref.), dated November 14, 2007, as denied that branch of her cross petition which was for sole custody of the parties' children, denied her motion for an attorney's fee, and awarded the father residential custody of the parties' children, and the father cross-appeals, as limited by his brief, from so much of the same order as denied that branch of his petition which was for sole custody of the children and directed that, on the alternate weekends that the mother does not have the children, she shall, unless the father has made plans with the children, have parenting time on those Sundays from 10:00 A.M. until 7:00 P.M., and (2) the father appeals, as limited by his brief, from so much of an amended order of the same court dated November 26, 2007, as appointed a parenting coordinator and authorized the parenting coordinator to resolve issues between the parties.

Ordered that the order dated November 14, 2007, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated November 14, 2007, is reversed insofar as cross-appealed from, without costs or disbursements, and that branch of the father's petition which was for sole custody of the children is granted; and it is further,

Ordered that the amended order dated November 26, 2007, is modified, on the law, by deleting so much of the fifth decretal paragraph as authorized the parenting coordinator to resolve issues between the parties; as so modified, the amended order is affirmed insofar as appealed from, without costs or disbursements.

When determining custody cases, the primary concern is the best interests of the child (*see Eschbach v Eschbach,* 56 NY2d 167, 171-173 [1982]; *Musachio v Musachio,* 53 AD3d 600, 601 [2008]; *Mohen v Mohen,* 53 AD3d 471, 472-473 [2008]; *Matter of Perez v Martinez,* 52 AD3d 518, 519 [2008]). The Family Court's determination is generally accorded great deference on appeal, since it had the opportunity to assess the witnesses' demeanor and credibility (*see Matter of Perez,* 52 AD3d at 519; *Eschbach v Eschbach,* 56 NY2d at 173-174; *Musachio v Musachio,* 53 AD3d at 601-602; *Matter of Summer A.,* 49 AD3d 722, 725-726 [2008]). Nevertheless, "the authority of an appellate court is as broad as that of the Family Court" (*Matter of Summer A.,* 49 AD3d at 726; *see Matter of Louise E.S. v W. Stephen S.,* 64 NY2d 946, 947 [1985]; *Matter of Hyde v King,* 47 AD3d 813, 814 [2008]).

Joint custody is encouraged "as a voluntary alternative for relatively stable, amicable parents behaving in mature civilized

fashion" (*Braiman v Braiman,* 44 NY2d 584, 589-590 [1978]; *see Matter of Timothy M. v Laura A.K.,* 204 AD2d 325, 326 [1994]; *Matter of George W.S. v Donna S.,* 187 AD2d 657, 658 [1992]). However, joint custody is inappropriate "where the parties are antagonistic towards each other and have demonstrated an inability to cooperate on matters concerning the child" (*Matter of Timothy M. v Laura A.K.,* 204 AD2d at 326; *see Bliss v Ach,* 56 NY2d 995, 998 [1982]; *Braiman,* 44 NY2d at 589-590; *Matter of Garcia v Scruggs,* 44 AD3d 660, 661 [2007]; *Matter of McCoy v McCoy,* 43 AD3d 469 [2007]; *Matter of Fishburne v Teelucksingh,* 34 AD3d 804, 805 [2006]; *Matter of Tavarez v Musse,* 31 AD3d at 458; *Matter of Bornholdt v Alfieri,* 201 AD2d 560 [1994]).

After a lengthy hearing, the Family Court denied both parents' requests for sole custody, and instead awarded joint custody. However, the record demonstrates that the parents were antagonistic, embattled, and unable to set aside their differences to facilitate decision-making and cooperate on matters in the best interests of their children (*see Bliss v Ach,* 56 NY2d at 998; *Braiman,* 44 NY2d at 589-590; *Matter of Manfredo v Manfredo,* 53 AD3d 498, 500 [2008]; *Matter of Garcia,* 44 AD3d at 661; *Matter of McCoy,* 43 AD3d at 469; *Matter of Fishburne,* 34 AD3d at 805; *Matter of Tavarez,* 31 AD3d at 458; *Matter of Bornholdt,* 201 AD2d at 560; *Matter of George W.S.,* 187 AD2d at 658). Under these circumstances, the court should not have awarded the parties joint custody of the children.

In determining the custody arrangement that is in the child's best interests, the court must consider multiple factors. These include "the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (*Miller v Pipia,* 297 AD2d 362, 364 [2002]; *see Mohen v Mohen,* 53 AD3d at 472-473; *Matter of Summer A.,* 49 AD3d at 725-726; *Matter of Langlaise v Sookhan,* 48 AD3d 685, 685 [2008]).

Although both parties are loving and responsible parents, the record demonstrates that awarding sole custody to the father is in the best interests of the children. While it is true that the recommendation of a court-appointed expert is but one factor to be considered in making a custody determination and is not determinative, such recommendation is entitled to some weight (*see Matter of Nikolic v Ingrassia,* 47 AD3d 819, 821 [2008];

*Matter of McCoy v McCoy,* 43 AD3d 469 [2007]; *Matter of Berrouet v Greaves,* 35 AD3d 460, 461 [2006]; *Miller v Pipia,* 297 AD2d 362, 365 [2002]; *Young v Young,* 212 AD2d 114, 118 [1995]). Thus, in awarding the father sole custody, we take into account the court-appointed expert's finding that the father is better able to provide the children with a structured and stable home environment. The expert also opined that while the mother had demonstrated a good relationship with the children, she had difficulty in setting boundaries and making mature decisions for them. Although the Family Court declined to award the father sole custody, it did award him residential custody, recognizing that the mother struggled to let go of the past and deal realistically in the present.

There is no evidence in the record establishing that an award of custody to the father would have a significant adverse effect on the children's relationship with the mother. By contrast, there is evidence that the mother had been coaching the children in an attempt to undermine the father's authority.

Moreover, the children have resided with the father since these lengthy proceedings began more than three years ago. They are well-adjusted, happy, and successful in school. It would be disruptive to remove the children from their father's house and their established routine. Furthermore, the father is ensuring that the children maintain a strong and continuing relationship with the mother.

We also reverse that portion of the order dated November 14, 2007, which directed that, on the alternate weekends that the mother does not have the children, she shall, unless the father has made plans with the children, have parenting time on those Sundays from 10:00 A.M. until 7:00 P.M. This provision unfairly infringes upon the father's parenting time.

Contrary to the mother's contention, the Family Court did not improvidently exercise its discretion in denying her motion for an award of an attorney's fee (*see Matter of Gebaide v Gebaide,* 44 AD3d 662 [2007]; *Matter of Sullivan v Sullivan,* 40 AD3d 865, 867 [2007]; *Matter of Belle v DeMilia,* 19 AD3d 691, 691-692 [2005]; *Matter of O'Neil v O'Neil,* 193 AD2d 16, 18-20 [1993]).

Finally, we modify the amended order dated November 26, 2007, by deleting the provision thereof authorizing the parenting coordinator to resolve issues between the parties, since this constitutes an improper delegation of the court's authority to determine issues relating to visitation (*see Matter of Held v Gomez,* 35 AD3d 608 [2006]; *Matter of Grisanti v Grisanti,* 4 AD3d 471, 474-475 [2004]; *Johnson v Johnson,* 303 AD2d 641, 642 [2003]). Mastro, J.P., Florio, Balkin and Eng, JJ., concur.