■  In the Matter of CHRISTOPHER W. O'CONNELL, Respondent, v MOLLY McDERMOTT, Appellant. [915 NYS2d 143]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Westchester County (Duffy, J.), dated November 24, 2009, as, after a hearing, granted that branch of the father's petition which was for sole legal custody of the child, and denied that branch of her cross petition which was for sole legal custody of the child.

Ordered that the order is affirmed insofar as appealed from, with costs.

"In adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the child" (*Matter of Awan v Awan*, 63 AD3d 733, 734 [2009]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). "Since custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, the findings of the Family Court will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Conforti v Conforti*, 46 AD3d 877, 877-878 [2007]; *see Matter of David J.B. v Monique H.*, 52 AD3d 414 [2008]).

Joint custody is encouraged "as a voluntary alternative for relatively stable, amicable parents behaving in a mature civilized fashion" (*Braiman v Braiman*, 44 NY2d 584, 589-590 [1978]; *see Matter of Edwards v Rothschild*, 60 AD3d 675, 676-677 [2009]; *Matter of Laura A.K. v Timothy M.*, 204 AD2d 325, 326 [1994]; *Matter of George W.S. v Donna S.*, 187 AD2d 657, 658 [1992]). However, joint custody is inappropriate "where the parties are antagonistic towards each other and have demonstrated an inability to cooperate on matters concerning the child" (*Matter of Laura A.K. v Timothy M.*, 204 AD2d at 326; *see Bliss v Ach*, 56 NY2d 995, 998 [1982]).

Here, the Family Court did not improvidently exercise its discretion in granting that branch of the father's petition which

was for sole legal custody of the child. The record demonstrates that the parties' relationship is so acrimonious that it effectively precludes joint decision-making (*see Mohen v Mohen*, 53 AD3d 471, 473 [2008]; *Granata v Granata*, 289 AD2d 527, 528 [2001]). Moreover, the award of sole legal custody to the father was in the child's best interests. Consequently, the Family Court also properly denied that branch of the mother's cross petition which was for sole legal custody of the child. Skelos, J.P., Balkin, Leventhal and Sgroi, JJ., concur.