█ In the Matter of GREGORY GORNIOK, Appellant, v JESSICA ZELEDON-MUSSIO, Respondent. [918 NYS2d 516]—

"Since the Family Court's custody determination is largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Tavarez v Musse*, 31 AD3d 458, 458 [2006] [internal quotation marks omitted]; *see Matter of Battista v Fasano*, 41 AD3d 712, 713 [2007]; *Matter of Johnson v Johnson*, 309 AD2d 750, 751 [2003]).

"[J]oint custody is encouraged primarily as a voluntary alternative for relatively stable, amicable parents behaving in mature civilized fashion" (*Braiman v Braiman*, 44 NY2d 584, 589-590 [1978]; *see Bliss v Ach*, 56 NY2d 995, 998 [1982]; *Matter of Edwards v Rothschild*, 60 AD3d 675, 676-677 [2009]). "However, joint custody is inappropriate 'where the parties are antagonistic towards each other and have demonstrated an inability to cooperate on matters concerning the child' " (*Matter of Edwards v Rothschild*, 60 AD3d at 677, quoting *Matter of Timothy M. v Laura A.K.*, 204 AD2d 325, 326 [1994]; *see Bliss v Ach*, 56 NY2d at 998; *Matter of McCoy v McCoy*, 43 AD3d 469 [2007]; *Matter of Tavarez v Musse*, 31 AD3d at 458; *Matter of Bornholdt v Alfieri*, 201 AD2d 560 [1994]). Since the record here is "replete with examples of hostility and antagonism between the parties, indicating that they were unable to put aside their differences for the good of the child" (*Matter of Timothy M. v Laura A.K.*, 204 AD2d at 326; *see Janecka v Franklin*, 143 AD2d 731, 732 [1988]), there is a sound and substantial basis for the Family Court's determination that joint custody was no longer appropriate (*see Matter of Battista v Fasano*, 41 AD3d at 713; *Matter of Tavarez v Musse*, 31 AD3d 458 [2006]; *Matter of Johnson v Johnson*, 309 AD2d at 751).

Likewise, the record supports the determination that sole legal and physical custody should be with the mother, not the father. The mother had primary physical custody of the child since the child's birth, and by the parties' agreement. The parties' own agreement as to who should have custody constitutes a weighty factor to which priority should be accorded absent extraordinary circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Neu v Neu*, 303 AD2d 509, 510 [2003]; *Alanna M. v Duncan M.*, 204 AD2d 409 [1994]). Since the record supports the Family Court's determination to disregard the testimony of the babysitter on the ground that she lacked credibility, the father has failed to show circumstances warranting a

disruption of "the stability and continuity of the present situation" (*Matter of Bryant v Nazario*, 306 AD2d 529 [2003]; *see Matter of Chase v Matanda-Chase*, 41 AD3d 475, 476 [2007]; *Matter of Rodriguez v Irizarry*, 29 AD3d 704 [2006]) as to physical custody.

The record also supports the Family Court's determination to reduce the father's visitation from every weekend and every Wednesday to alternate weekends and every Wednesday to allow the child to spend recreation time with her mother and brother and to participate in events with the mother's family.

The father is correct that the Family Court improvidently exercised its discretion in permitting the introduction of extrinsic evidence to contradict the babysitter's testimony regarding matters that "had no direct bearing on any issue in the case other than credibility" (*Badr v Hogan*, 75 NY2d 629, 635 [1990]; *see People v Pavao*, 59 NY2d 282, 289 [1983]; *People v Griffin*, 194 AD2d 738, 739 [1993]). However, the error was harmless, as "[t]here is a sound and substantial basis in the record for the Family Court's determination without consideration of the improperly admitted [evidence]" (*Matter of Tercjak v Tercjak*, 49 AD3d 772, 773 [2008]; *see Matter of Mingo v Belgrave*, 69 AD3d 859, 860 [2010]; *Matter of Taylor v Taylor*, 62 AD3d 1015, 1016 [2009]). Covello, J.P., Chambers, Lott and Cohen, JJ., concur.