■ In the Matter of Stacey A. Martinez, Appellant, v Jeffrey Hyatt, Respondent. [927 NYS2d 375]—

"[J]oint custody is encouraged primarily as a voluntary alternative for relatively stable, amicable parents behaving in mature civilized fashion" (*Braiman v Braiman*, 44 NY2d 584, 589-590 [1978]; *see Bliss v Ach*, 56 NY2d 995, 998 [1982]; *Matter of Edwards v Rothschild*, 60 AD3d 675, 676-677 [2009]). "However, joint custody is inappropriate 'where the parties are antagonistic towards each other and have demonstrated an inability to cooperate on matters concerning the child' " (*Matter of Edwards v Rothschild*, 60 AD3d at 677, quoting *Matter of Laura A.K. v Timothy M.*, 204 AD2d 325, 326 [1994]; *see Bliss v Ach*, 56 NY2d at 998; *Matter of McCoy v McCoy*, 43 AD3d 469 [2007]; *Matter of Tavarez v Musse*, 31 AD3d 458 [2006]; *Matter of Bornholdt v Alfieri*, 201 AD2d 560 [1994]). Where the initial custody award is the result of a stipulation, as here, it is entitled to less weight than a disposition after a plenary trial (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 94-95 [1982]; *Matter of Patsy M.C. v Lorna W.C.*, 165 AD2d 813, 814 [1990]; *Robinson v Robinson*, 111 AD2d 316, 318 [1985]; *Feltman v Feltman*, 99 AD2d 540, 541 [1984]). Contrary to the mother's contention, "[s]ince the record here is replete with examples of hostility and antagonism between the parties, indicating that they were unable to put aside their differences for the good of the child . . . , there is a sound and substantial basis for the Family Court's determination that joint custody was no longer appropriate" (*Matter of Gorniok v Zeledon-Mussio*, 82 AD3d 767, 768 [2011] [citations and internal quotation marks omitted]).

Further, the record supports the determination that the father should have sole custody of the child. As with all custody determinations, the paramount concern is what is in the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]; *Matter of Tori v Tori*, 67 AD3d 1021 [2009]; *Matter of*

*Honeywell v Honeywell*, 39 AD3d 857, 858 [2007]; *Teuschler v Teuschler*, 242 AD2d 289, 290 [1997]). "[O]ne of the primary responsibilities of a custodial parent is to assure meaningful contact between the children and the other parent . . . and the willingness of a parent to assure meaningful contact between the children and the other parent is a factor to be considered in making a custody determination" (*Matter of Tori v Tori*, 67 AD3d at 1021[internal quotation marks omitted]). Further, "[s]ince the Family Court's custody determination is largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Plaza v Plaza*, 305 AD2d 607, 607 [2003]; *see Matter of Battista v Fasano*, 41 AD3d 712, 713 [2007]; *Matter of Johnson v Johnson*, 309 AD2d 750, 751 [2003]).

Contrary to the mother's contention, the Family Court's determination to modify the parties' custody arrangement by awarding sole custody to the father has a sound and substantial basis in the record (*see Matter of Tori v Tori*, 67 AD3d at 1022). The evidence presented at the hearing established, inter alia, that the father was more willing than the mother to assure meaningful contact between the child and the other parent (*id.*), particularly in view of the mother's false allegations that the father sexually abused the child (*see Matter of Penny B. v Gary S.*, 61 AD3d 589, 590 [2009]). The Family Court's determination is also consistent with the opinion of the court-appointed forensic psychologist and the position of the Attorney for the Child (*see Matter of Galanos v Galanos*, 28 AD3d 554, 555 [2006]; *Bains v Bains*, 308 AD2d 557, 558 [2003]; *Gorelik v Gorelik*, 303 AD2d 553, 554 [2003]; *Young v Young*, 212 AD2d 114, 118 [1995]). Contrary to the mother's claim, a review of the Family Court's decision indicates that it gave careful consideration to all relevant factors (*see Matter of Galanos v Galanos*, 28 AD3d at 555).

In addition, the Family Court providently exercised its discretion in declining to conduct an in camera interview of the parties' child (*see Matter of Lincoln v Lincoln*, 24 NY2d 270, 273-274 [1969]; *Matter of Galanos v Galanos*, 28 AD3d at 555). Rivera, J.P., Covello, Florio and Lott, JJ., concur.