■ In the Matter of CATHERINE OPRAY, Respondent, v PAT-RICK FITZHARRIS, Appellant. [944 NYS2d 263]—In a child custody proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Lechtrecker, Ct. Atty. Ref.), dated December 21, 2010, as, after a hearing, in effect, awarded custody of the subject children to the mother.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

"In adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the child" (*Matter of Awan v Awan*, 63 AD3d 733, 734 [2009]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). "Factors to be considered in determining those best interests include the parental guidance provided by the custodial parent, each parent's ability to provide for the child's emotional and intellectual development, each parent's ability to provide for the child financially, the relative fitness of each parent, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (*Matter of Berrouet v Greaves*, 35 AD3d 460, 461 [2006]; *see Eschbach v Eschbach*, 56 NY2d at 172-173; *Matter of Carrasquillo v Cora*, 60 AD3d 852, 853 [2009]). Stability and the child's desires are also relevant considerations (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 94 [1982]). "Since custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, the findings of the Family Court will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Conforti v Conforti*, 46 AD3d 877, 877-878 [2007]).

"[S]hared responsibility for and control of the child's upbringing is not properly ordered where, as here, the parents have evidenced an inability to cooperate on matters concerning the child" (*Bliss v Ach*, 56 NY2d 995, 998 [1982]; *see Braiman v Braiman*, 44 NY2d 584 [1978]). Here, contrary to the father's contention, the Family Court's determination that an award of sole legal custody to the mother was in the best interests of the children had a sound and substantial basis in the record (*see Matter of Nell v Nell*, 87 AD3d 541, 542 [2011]; *Matter of Gorniok v Zeledon-Mussio*, 82 AD3d 767, 768 [2011]; *Matter of O'Connell v McDermott*, 80 AD3d 701, 701-702 [2011]).

The father's remaining contentions are either unpreserved for appellate review or without merit. Skelos, J.P., Balkin, Leventhal and Austin, JJ., concur.