In two related custody and visitation proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an amended order of the Family Court, Westchester County (Daly, J.), dated June 23, 2011, as, after a hearing, awarded the parties joint legal custody of the subject child, and the father cross-appeals, as limited by his brief, from so much of the same amended order as awarded the mother sole physical custody of the subject child.
Ordered that the amended order is reversed insofar as appealed from, on the facts, without costs or disbursements, and the mother is awarded sole legal custody of the subject child; and it is further,
Ordered that the amended order is affirmed insofar as cross-appealed from, without costs or disbursements.
In a child custody proceeding, the court’s paramount concern is to determine what placement, based on the totality of the circumstances, is in the best interests of the child (see Friederwitzer v Friederwitzer, 55 NY2d 89, 94 [1982]; Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). Here, the Family Court properly considered the totality of the circumstances in determining that the best interests of the subject child would be served by awarding sole physical custody to the mother (see Matter of Van Dunk v Bonilla, 100 AD3d 1008, 1009 [2012], lv denied 20 NY3d 859 [2013]).
“[J]oint custody is encouraged primarily as a voluntary alternative for relatively stable, amicable parents behaving in mature civilized fashion” (Braiman v Braiman, 44 NY2d 584, 589-590 [1978]; see Bliss v Ach, 56 NY2d 995, 998 [1982]; Matter of Martinez v Hyatt, 86 AD3d 571 [2011]; Matter of Edwards v Rothschild, 60 AD3d 675, 676-677 [2009]). “However, joint custody is inappropriate ‘where the parties are antagonistic towards each other and have demonstrated an inability to cooperate on matters concerning the child’ ” (Matter of Edwards v Rothschild, 60 AD3d at 677, quoting Matter of Laura A.K. v Timothy M., 204 AD2d 325, 326 [1994]; see Bliss v Ach, 56 NY2d at 998; Matter of Martinez v Hyatt, 86 AD3d 571 [2011]). Since the record here is replete with examples of hostility and antagonism between the parties, indicating that they were unable to *752 put aside their differences for the good of the child, the Family-Court erred in awarding the parties joint legal custody of the subject child (see Matter of Gorniok v Zeledon-Mussio, 82 AD3d 767, 768 [2011]; Matter of Laura A.K. v Timothy M., 204 AD2d at 326). Rather, an award of sole legal custody to the mother is in the child’s best interests (see Matter of Vasquez v Ortiz, 77 AD3d 962 [2010]; Matter of Jones v Leppert, 75 AD3d 552, 553 [2010]). Rivera, J.P., Dickerson, Leventhal and Roman, JJ., concur.