■ In the Matter of Nicholas Florio, Appellant-Respondent, v Polly Niven, Respondent-Appellant. [997 NYS2d 728]—

Appeal and cross-appeal from an order of the Family Court, Westchester County (Howard Spitz, J.H.O.), entered August 12, 2013. The order, among other things, denied the parties' separate petitions, inter alia, to modify the custody provisions of a so-ordered stipulation so as to award sole legal custody of the subject child to each of them, and thereupon awarded the father decision-making authority with respect to the child's financial matters and education, and directed that the parties engage a parent coordinator chosen by the attorney for the child.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof denying the mother's petition, awarding the father decision-making authority with respect to the child's financial matters and education, and directing that the parties engage a parent coordinator chosen by the attorney for the child, and substituting therefor a provision granting the mother's petition for an award of sole legal custody of the subject child; as so modified, the order is affirmed, without costs or disbursements.

The parties are the parents of a son born in 2006. In September 2008, the parties entered into a so-ordered stipulation providing for a joint custody arrangement, with physical custody to the mother and liberal parenting time to the father. The stipulation required the parties to confer with each other and, if necessary, consult with a parent coordinator, to reach an agreement with respect to issues concerning the child. If an agreement could not be reached, the father was to have final decision-making authority with respect to the selection of the child's school, within certain limits set by the agreement, and the mother was to have final decision-making authority with respect to all other issues concerning the child. The parties thereafter separately petitioned to modify their joint custody arrangement, each seeking sole legal and physical custody of the child. After a hearing, the Family Court, inter alia, denied the parties' separate petitions, awarded the father decision-making authority with respect to the child's financial matters and education, and directed that the parties engage a parent coordinator chosen by the attorney for the child.

Where a court has already approved of a custody arrangement, the "[m]odification of [that] existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child" (*Matter of Buxenbaum v Fulmer*, 82 AD3d 1223, 1223 [2011]

[internal quotation marks omitted]). The best interests of the child herein must be determined by a review of the totality of the circumstances (*see Matter of Skeete v Hamilton*, 78 AD3d 1187, 1188 [2010]). "Since any custody determination depends to a great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (*id.* at 1188).

"[J]oint custody is encouraged primarily as a voluntary alternative for relatively stable, amicable parents behaving in mature civilized fashion" (*Braiman v Braiman*, 44 NY2d 584, 589-590 [1978]; *see Bliss v Ach*, 56 NY2d 995, 998 [1982]; *Matter of Edwards v Rothschild*, 60 AD3d 675, 676-677 [2009]). "However, joint custody is inappropriate 'where the parties are antagonistic towards each other and have demonstrated an inability to cooperate on matters concerning the child' " (*Matter of Edwards v Rothschild*, 60 AD3d at 677, quoting *Matter of Laura A.K. v Timothy M.*, 204 AD2d 325, 326 [1994]; *see Bliss v Ach*, 56 NY2d at 998; *Matter of McCoy v McCoy*, 43 AD3d 469 [2007]; *Matter of Tavarez v Musse*, 31 AD3d 458 [2006]; *Matter of Bornholdt v Alfieri*, 201 AD2d 560 [1994]). Where "the record demonstrates that the parents were antagonistic, embattled, and unable to set aside their differences to facilitate decision-making and cooperate on matters in the best interests of their children," the court should not award the parties joint custody (*Matter of Edwards v Rothschild*, 60 AD3d at 677).

Here, considering the extreme acrimony between the parties, there is not a sound and substantial basis in the record for the Family Court's determination that the parties failed to adduce evidence of a sufficient change in circumstance since they entered into their so-ordered joint custody stipulation so as to warrant modifying that stipulation, or that they must engage a parent coordinator chosen by the attorney for the child.

We agree with the Family Court that physical custody of the child should remain with the mother. The Family Court adequately explained its reasons for disregarding the recommendation of a court-appointed expert, and its determination to credit the testimony of the mother's expert witness instead of the testimony of the court-appointed expert is supported by a sound and substantial basis in the record (*see Baker v Baker*, 66 AD3d 722, 723 [2009]; *Berstell v Krasa-Berstell*, 272 AD2d 566 [2000]). The mother has had primary physical custody of the child since birth, is a committed parent, and is very involved with the child's education, recreational activity, and daily needs.

Moreover, there is no proof that the father was a more fit parent than the mother or that he would be "able to provide a better home environment or better care for the child" (*Matter of Salvati v Salvati*, 221 AD2d 541, 543 [1995]; *see Matter of Fallarino v Ayala*, 41 AD3d 714, 715 [2007]; *Gonzalez v Gonzalez*, 17 AD3d 635, 636 [2005]).

For the same reasons, the Family Court should have awarded the mother legal custody of the child as well, and it improvidently exercised its discretion in awarding the father decision-making authority with respect to financial matters concerning his education.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Chambers, J.P., Miller, Duffy and LaSalle, JJ., concur.