■ In the Matter of VERONICA CHAMBERS, Appellant, v JAMES R. BRUCE, Respondent. [740 NYS2d 76] —In a custody proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Suffolk County (McElligott, J.), entered August 16, 2000, which, after a hearing, granted the respondent's application to transfer temporary custody to him.

Ordered that the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see, Family Ct Act § 1112 [a]); and it is further,

Ordered that the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for further proceedings in accordance herewith.

The petitioner and the respondent were divorced in 1998. Pursuant to a stipulation of settlement, the parties agreed to joint custody of their infant child, with the petitioner having residential custody. The petitioner commenced this proceeding in October 1999 seeking sole custody of the child on the basis of a change in circumstances. During the pendency of the proceeding, the respondent and the Law Guardian made "an application for immediate transfer of temporary custody to [the respondent]," with appropriate visitation awarded to the petitioner. After a hearing, the Family Court determined that it was in the best interest of the child to continue joint custody, but to transfer residential custody to the respondent, effective immediately, with specified visitation for the petitioner.

The parties mistakenly treat the order appealed from as if it finally disposed of the petition. The Family Court did not determine the petition for sole custody based upon a change of circumstances. The hearing held by the Family Court and the order issued thereafter were addressed solely to the respondent's application for an immediate transfer of temporary custody. Thus, the parties' interpretation of the order under review as one which denied the petition for sole custody of the parties' infant child is erroneous (see, Matter of Schultz v Schultz, 117 AD2d 737).

The order is appealable only by permission (see, Family Ct Act § 1112 [a]; Rizzo v Rizzo, 31 AD2d 1001). We treat the notice of appeal as an application for leave to appeal, and leave to appeal is granted (see, Bohen v Auerbach, 51 AD2d 542; see also, Matter of Okerblom v Okerblom, 265 AD2d 414).

The Family Court providently granted the respondent's application. Although the Family Court erred in admitting home study reports into evidence (see, Kesseler v Kesseler, 10 NY2d 445; Wilson v Wilson, 226 AD2d 711), the error was

harmless since most of the reports were based upon statements of the parties who both testified and corroborated much of the information contained in the reports. In addition, information in the reports regarding the criminal record of the petitioner's former boyfriend was not in dispute, and the petitioner admitted in her testimony that the former boyfriend was not someone she wanted around her child. Thus, based upon the testimony of the parties, there was a substantial basis for the Family Court's determination to transfer residential custody (*see, Matter of Dobson v Marshall,* 285 AD2d 550; *Matter of Lynch v Acey,* 281 AD2d 483; *Matter of Shane MM. v Family & Children Servs.,* 280 AD2d 699, 700; *Matter of Sylvia Esther O.,* 253 AD2d 465, 466).

However, since the Family Court did not render a determination on the petition for sole custody based upon a change of circumstances, the petition which commenced this custody proceeding remains pending and undecided, and we do not reach the arguments on the appeal addressed to the petition (*see, Brown v Zaino,* 226 AD2d 492, 493-494; *Lopez v Massachusetts Mut. Life Ins. Co.,* 170 AD2d 583, 585; *Katz v Katz,* 68 AD2d 536, 542-543). Accordingly, the matter is remitted to the Family Court, Suffolk County, for a hearing on the petition for sole custody of the parties' infant child. The Family Court should then make specific findings of fact with respect to its custody determination (*see, Robert C.R. v Victoria R.,* 143 AD2d 262, 265; *Audubon v Audubon,* 138 AD2d 658; *Mosesku v Mosesku,* 108 AD2d 795). Altman, J.P., Adams, Townes and Crane, JJ., concur.