■ In the Matter of QUESTAR WELSH, Appellant, v ERICA LEWIS, Respondent. (Proceeding No. 1.) In the Matter of QUESTAR WELSH, Appellant, v ERICA LEWIS, Respondent. (Proceeding No. 2.) [740 NYS2d 355] —In two child custody proceedings pursuant to Family Court Act article 6, the father appeals from two orders of the Family Court, Kings County (Lopez-Torres, J.), both dated January 3, 2001 (one as to each child), which, after a joint hearing, granted custody of the parties' children to the respondent mother and set the terms of his visitation with them.

Ordered that the orders are modified, on the facts and as a matter of discretion, by (1) deleting the provisions thereof

granting the mother sole custody, and substituting therefor provisions granting the father and mother joint custody, with the residence of the children to remain with the mother, (2) adding thereto provisions prohibiting the mother from removing the children from the United States without the father's consent, and (3) adding thereto provisions granting the father the authority to consent to blood transfusions for the children; as so modified, the orders are affirmed, without costs or disbursements.

It is well settled that the paramount concern in adjudicating custody disputes is the best interests of the children (*see, Matter of Dobson v Marshall*, 285 AD2d 550; *Matter of Lynch v Acey*, 281 AD2d 483). Custody determinations are ordinarily a matter of discretion for the hearing court. Its determination will not be set aside unless it lacks a sound and substantial basis (*see, Vecchiarelli v Vecchiarelli*, 238 AD2d 411). The evidence in the record indicates that both parties are fit and loving parents, and both possess a desire to share in the upbringing of the children (*see, Matter of Fedun v Fedun*, 227 AD2d 688). However, the Family Court denied joint custody based upon the acrimonious relationship between the parties. Owing to the unusual circumstances of this case, we modify the orders appealed from, inter alia, to grant the parties joint custody, with the children's residence remaining with the mother.

The forensic expert noted that the mother provided the children with the emotional support they need. However, he was justifiably concerned with the mother's immigration status, as she is a foreign national, whose work visa had expired. His recommendation was a shared custody arrangement.

Before the commencement of the custody proceeding, the mother wrote to an aunt in England, indicating that she was considering returning there with the children. In view of the foregoing, the orders appealed from should be modified to prohibit the mother from removing the children from the United States without the father's consent.

However, if the mother were to violate that provision, and abscond with the children to England, or retain the children there beyond a period consented to by the father, the father, as a noncustodial parent, could not petition under the terms of the Hague Convention on International Child Abduction for the children's return. Such a right is limited to a parent having joint or sole custody (*see, Croll v Croll*, 229 F3d 133, *cert denied* — US —, 122 S Ct 342).

While the instant custody proceeding was pending, the parties were able to function under a joint custody arrangement.

Under the particular facts of this case, joint custody should continue. However, the residence of the children should remain with the mother.

The mother, a practicing Jehovah's Witness, testified at the hearing that she did not believe in blood transfusions and could not give consent to blood transfusions for the children. However, she further testified that she would never stand in the way of the father granting consent to blood transfusions for the children. In view of the foregoing, the orders appealed from have been modified to specifically provide that the father has the authority to consent to blood transfusions for the children (*see, Matter of Sampson,* 29 NY2d 900).

The father's remaining contentions are without merit. Smith, J.P., Goldstein, McGinity and H. Miller, JJ., concur.