■ Maria P. Mauter, Appellant, v James Mauter, Respondent. [765 NYS2d 376] —In a matrimonial action in which the parties were divorced by judgment dated March 22, 2002, the mother appeals, by permission, from an order of the Supreme Court, Queens County (Gavrin, J.), dated May 14, 2003, which, inter alia, sua sponte, returned the parties' child to the care and custody of the father subject to further order of the court, directed both parties to submit to psychological evaluations, gave her supervised visitation, temporarily suspended her overnight visitation with the child, and directed the parties to appear on a date certain for further proceedings.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

We find no basis to disturb the Supreme Court's order. It is well settled that in adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the child (*see Eschbach v Eschbach,* 56 NY2d 167 [1982]), which requires an evaluation of the "totality of [the] circumstances" (*Friederwitzer v Friederwitzer,* 55 NY2d 89, 95 [1982]).

Since the Supreme Court's temporary custody determination is largely dependent upon an assessment of the character, temperament, and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see Matter of Dobbins v Vartabedian,* 304 AD2d 665 [2003], *lv denied* 100 NY2d 506 [2003]).

In this case, despite the allegations made by the mother that the father physically abused the child, the child has been doing well in his care. Both the Law Guardian and court-appointed forensic expert recommended that the father retain temporary custody of the child (*see Young v Young,* 212 AD2d 114 [1995]). Moreover, the court-appointed forensic expert expressed concern that the mother was coaching the child to falsely report being hit by the father, and did not believe either parent was physically or sexually abusing the child. Indeed, the forensic expert reported that the child "has a penchant it seems for tall tales," and has admitted she may not be telling the truth. The Supreme Court awarded the father temporary custody pending, inter alia, psychiatric evaluations of both parents. Under the circumstances of this case, the order of the Supreme Court awarding temporary custody to the father was a provident exercise of discretion (*see Matter of Chambers v Bruce,* 292 AD2d 525, 525-526 [2002]; *Askinas v Askinas,* 155 AD2d 498 [1989]). In the order appealed from, the Supreme Court did not determine the mother's motion for sole custody. Moreover, the Supreme Court, prudently, did not make a permanent award of custody to either party. Thus, the mother's argument that the Supreme Court improperly awarded "final" custody of the infant child to the father (*see Matter of Chambers v Bruce, supra* at 526), lacks merit. A full hearing will be conducted by the Supreme Court before any permanent order of custody is made.

Accordingly, the matter is remitted to the Supreme Court, Queens County, for a hearing on the mother's motion for sole custody of the parties' infant child. The Supreme Court should then make specific findings of fact with respect to its final custody determination (*see Matter of Chambers v Bruce, supra* at 526, citing *Robert C.R. v Victoria R.,* 143 AD2d 262, 265 [1988]; *Audubon v Audubon,* 138 AD2d 658 [1988]; *Mosesku v Mosesku,* 108 AD2d 795 [1985]).

The mother's remaining contentions are without merit. Ritter, J.P., Goldstein, McGinity and Crane, JJ., concur.