■ In the Matter of DAISY RODRIGUEZ, Appellant, v MARK GUERRA, Respondent. [813 NYS2d 538]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Queens County (Clark, J.), dated June 30, 2004, which, after a trial, awarded custody of the parties' child to the father, and (2) a decision of the same court dated July 15, 2004.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.,* 100 AD2d 509 [1984]); and it is further,

Ordered that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for a new hearing; and it is further,

Ordered that pending the final custody determination, the father shall have temporary custody of the child, Amanda, with visitation to the mother pursuant to the terms of the order appealed from.

It is well settled that the paramount concern in adjudicating custody disputes is the best interests of the child (*see* Domestic Relations Law § 70; *Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 93-95 [1982]; *Matter of Taylor v Lumba,* 309 AD2d 941 [2003]; *Mauter v Mauter,* 309 AD2d 737 [2003]). The determination of the trial court is entitled to great deference and should not be disturbed unless it lacks a sound and substantial basis in the record (*see Kaplan v Kaplan,* 21 AD3d 993, 994 [2005]; *Miller v Pipia,* 297 AD2d 362, 364 [2002]). However, " '[a]n appellate court would be seriously remiss if, simply in deference to the findings of a Trial Judge, it allowed a custody determination to stand where it lack[ed] a sound and substantial basis in the record' " (*Matter of Grisanti v Grisanti,* 4 AD3d 471, 474 [2004], quoting *Matter of Gloria S. v Richard B.,* 80 AD2d 72, 76 [1981]).

Moreover, where domestic violence is alleged, "the court must consider the effect of such domestic violence upon the best interests of the child" (Domestic Relations Law § 240 [1]; *see Matter of Moreno v Cruz,* 24 AD3d 780, 781 [2005]; *Matter of Wissink v Wissink,* 301 AD2d 36, 39 [2002]).

Upon weighing the appropriate factors (*see Eschbach v Eschbach, supra*), the Family Court's determination that the best interests of the child would be served by granting the father

custody lacked a sound and substantial basis in the record. The Family Court allowed its determination on custody to be guided, in essence, by the father's work schedule. In doing so, the court did not take into consideration allegations of domestic violence committed by the father, the child's living situation with the father's parents, or the removal of the child from a home with her sisters.

In light of these circumstances, a new custody hearing is warranted and that a new forensic psychological report of the parties and the father's parents should be prepared. In the interim, in the interest of maintaining stability in the child's life, custody shall remain with the father pending the new determination (*see Matter of Acosta v Acosta,* 259 AD2d 747, 748 [1999]). We stress that our decision herein should not be interpreted as any indication of the outcome of the new custody hearing. Schmidt, J.P., Skelos, Lunn and Dillon, JJ., concur.