■ In the Matter of JACQUELINE GRIGOLI, Appellant, v CARMINE GRIGOLI, Respondent. [814 NYS2d 739]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, by permission, from an order of the Family Court, Richmond County (McElrath, J.), dated June

29, 2005, which, in effect, without a hearing, granted the father's application for temporary custody of the subject child.

Ordered that the order is reversed, on the facts and as a matter of discretion, without costs or disbursements, the father's application for temporary custody is denied, and temporary custody is awarded to the mother pending a full hearing on the issue of permanent custody upon the condition that she shall not move the residence of the child beyond 60 radial miles from Manhattan without the prior, written consent of the father.

In adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]; *Assini v Assini*, 11 AD3d 417 [2004]; *Mauter v Mauter*, 309 AD2d 737 [2003]; *Matter of Welsh v Lewis*, 292 AD2d 536 [2002]), which requires an evaluation of the "totality of circumstances" (*Friederwitzer v Friederwitzer*, 55 NY2d 89, 95 [1982]). Custody determinations are ordinarily a matter for the hearing court, and its determination will not be set aside unless it lacks a sound and substantial basis (*see Mauter v Mauter, supra; Matter of Welsh v Lewis, supra*).

Considering the totality of the circumstances in this case, we find that the Family Court's decision to award temporary custody of the child to the father is not supported by a substantial basis. Although the court properly considered the custodial arrangements set forth in the parties' separation agreement, the existence of a prior agreement is not determinative of what is presently in the child's best interest (*see Friederwitzer v Friederwitzer, supra; DeCaprio v DeCaprio*, 219 AD2d 575 [1995]). The child, who is now 14 years old, is currently residing with the mother and has repeatedly expressed a desire to continue to live with her. Furthermore, a psychologist who evaluated the child stated that she appeared quite depressed, and that while the child loved her father he made denigrating remarks to her which were contributing to her "overwhelming sadness." Under these circumstances, we find that it is in the best interests of the child to remain in the temporary custody of her mother pending a full hearing on the issue of permanent custody, at which time issues concerning the child's emotional well being can be more fully explored. However, in accordance with the parties' separation agreement, the award of temporary custody is conditioned upon the mother not moving the residence of the child beyond 60 radial miles from Manhattan without the prior, written consent of the father.

The mother's remaining contention is not properly before the Court on this appeal. Schmidt, J.P., Krausman, Mastro and Covello, JJ., concur.