In the Matter of PARAS AWAN, Respondent, v AAMIR AWAN, Appellant. [880 NYS2d 683]—

In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Tarantino, Jr., J.), dated November 7, 2008, which, after a hearing, inter alia, granted the mother's petition to enforce a provision of a custody and visitation order of the same court dated March 14, 2008, and, in effect, denied his motion to modify certain provisions of the order dated March 14, 2008.

Ordered that the order is reversed, on the law, without costs

or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a new hearing consistent herewith, and thereafter, a new determination of the petition and motion.

In adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Assini v Assini*, 11 AD3d 417 [2004]). In order to be granted modification of a custody order or arrangement to which the parties voluntarily agreed, the movant must show that there has been a change in circumstances and that modification is in the best interests of the child (*see Matter of Penn v Penn*, 41 AD3d 724 [2007]; *Matter of Battista v Fasano*, 41 AD3d 712 [2007]). Where the parents have entered into a custody and visitation agreement, " '[p]riority, not as an absolute but as a weighty factor, should, in the absence of extraordinary circumstances, be accorded' to that agreement" (*Eschbach v Eschbach*, 56 NY2d at 171, quoting *Matter of Nehra v Uhlar*, 43 NY2d 242, 251 [1977]). However, the paramount concern is the best interests of the child; thus, the "existence of a prior [custody or visitation] agreement is not determinative of what is presently in the child's best interest" (*Matter of Grigoli v Grigoli*, 29 AD3d 792, 793 [2006]). Determinations as to custody and visitation are ordinarily a matter for the hearing court, and its determination will not be set aside unless lacking a sound and substantial basis in the record (*see Matter of Grigoli v Grigoli*, 29 AD3d at 793; *Mauter v Mauter*, 309 AD2d 737 [2003]).

Here, the father contended that based on evidence of the child's serious medical condition, the mother should be precluded from taking the child on a trip abroad, as permitted by the prior custody and visitation order dated March 14, 2008, and that the prior order should be modified to disallow such travel. At the hearing, the child's pediatrician testified that the child was medically fit for travel. He also testified that the child's seizure disorder was "well controlled" with medication, and that the mother would carry emergency medication for travel. However, the pediatrician was unaware of a possible seizure episode after he wrote a letter approving the travel. The pediatrician also acknowledged that a seizure condition might pose an emergency situation, and that it would be important for the child to have access to emergency medical services.

In light of the evidence of a possible change in the child's medical condition that was not fully explored at the hearing, the hearing evidence did not demonstrate that the proposed travel was in the best interests of the child. In addition, the Family Court's order appealed from directed the mother to

remain in a location within 75 miles of emergency services, and it was not shown that any such travel would be in the child's best interest under those circumstances, particularly in light of the medical testimony indicating that the child required access to emergency medical services. Accordingly, the matter is remitted to the Family Court, Suffolk County, for a new hearing as to whether the proposed travel is in the best interest of the child in light of the child's medical condition and whether there is access to emergency medical care in the specific proposed destinations and, thereafter, a new determination of the petition and motion (*see Matter of Grigoli v Grigoli*, 29 AD3d 792 [2006]; *see also Matter of Ganzenmuller v Rivera*, 40 AD3d 756, 757 [2007]; *cf. Matter of Puran v Murray*, 37 AD3d 472 [2007]; *Matter of Ahmad v Naviwala*, 306 AD2d 588 [2003]). Rivera, J.P., Eng, Chambers and Hall, JJ., concur.