In the Matter of ROBERT GOLDHABER, Respondent-Appellant, v LANA ROSEN, Appellant-Respondent. [990 NYS2d 538]—

In a child custody and visitation proceeding pursuant to Family Court Act article 6, the mother appeals from so much of an order of the Family Court, Suffolk County (Boggio, Ct. Atty. Ref.), dated June 21, 2013, as, after a hearing, granted the father's petition to the extent of awarding him increased parenting time, including weekly overnight visitation on Tuesdays and Thursdays and for the first three full weekends in every month, and denied that branch of her cross petition which was for additional parenting time, and the father cross-appeals from so much of the same order as denied that branch of his petition which was for sole physical and legal custody of the children and granted those branches of the mother's cross petition which were for sole decision-making authority with respect to the children's extracurricular activities and to direct the father not to pick up the child Hanna early from her gymnastic practices or events.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof granting the father's petition to the extent of awarding the father additional parenting time, including weekly overnight visitation on Tuesdays and Thursdays and for the first three full weekends in every month; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Modification of an existing court-sanctioned custody arrangement may be made only upon a showing of a change in circumstances such that modification is necessary to ensure the continued best interests of the children (see Matter of Graziani C.A. [Lisa A.], 117 AD3d 729 [2014]; Matter of Chery v Richardson, 88 AD3d 788, 788 [2011]). Similarly, an order of visitation may be modified only upon a showing that there has been a subsequent change of circumstances requiring such modification (see Family Ct Act § 467 [b] [ii]; Matter of Wilson v McGlinchey, 2 NY3d 375, 380-381 [2004]; Galanti v Kraus, 85 AD3d 723, 724 [2011]; Matter of Awan v Awan, 63 AD3d 733, 733-734 [2009]; Matter of Sullivan v Sullivan, 40 AD3d 865, 866 [2007]). "In adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the child" (Matter of Awan v Awan, 63 AD3d at 734; see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Boggio v Boggio, 96 AD3d 834, 835 [2012]).

Contrary to the father's contentions, there is ample support

for the Family Court's determination that he had not demonstrated a sufficient change of circumstances to warrant a modification of custody (*see Matter of Graziani C.A. [Lisa A.],* 117 AD3d at 729; *Matter of Watson v Smith,* 52 AD3d 615, 616 [2008]).

The Family Court's determination awarding the father additional parenting time lacked a sound and substantial basis in the record (*see Matter of Ellis v Burke,* 108 AD3d 764, 765 [2013]; *Marcantonio v Marcantonio,* 307 AD2d 740, 741-742 [2003]). The court did not determine that there was any change of circumstances warranting a modification of the parenting schedule. Rather, the court based its determination on a finding that there was a generally strained relationship between the mother and the children. This finding is not supported by the record. Upon our review of the record, we conclude that neither party established a change in circumstances sufficient to warrant a modification of the existing parenting schedule (*see Matter of Wilson v McGlinchey,* 2 NY3d at 380-381; *Galanti v Kraus,* 85 AD3d at 724; *Matter of Awan v Awan,* 63 AD3d at 734; *Matter of Sullivan v Sullivan,* 40 AD3d at 866).

Contrary to the father's contention, in light of the acrimony between the parties with respect to the children's participation in extracurricular activities, the Family Court properly granted those branches of the mother's cross petition which were for sole decision-making authority with respect to the children's extracurricular activities and to direct the father not to pick up the child Hanna early from her gymnastic practices or events (*see Matter of Delgado v Frias,* 92 AD3d 1245 [2012]; *Wideman v Wideman,* 38 AD3d 1318, 1319 [2007]; *Matter of Ring v Ring,* 15 AD3d 406, 407 [2005]). Mastro, J.P., Chambers, Lott and Roman, JJ., concur.