Matter of Deronette v Deronette (2019 NY Slip Op 07896)





Matter of Deronette v Deronette


2019 NY Slip Op 07896


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-01102
 (Docket Nos. V-12624-15/15A, V-12625-15/15A, V-12624-15/17B, V-12625-15/17B)

[*1]In the Matter of Marnelle Deronette, appellant,
v
Rosiny Deronette, respondent. (Proceeding No. 1)
In the Matter of Rosiny Deronette, respondent,
v
Marnelle Deronette, appellant. (Proceeding No. 2)


Ralph R. Carrieri, Mineola, NY, for appellant.
Lisa Siano, Merrick, NY, for respondent.
Leslie S. Lowenstein, Woodmere, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Merik R. Aaron, J.), dated December 15, 2017. The order, after a hearing, denied the mother's petition, in effect, for sole custody of the parties' children, granted the father's petition, in effect, for sole custody of the parties' children, and awarded the mother supervised parental access with the children.
ORDERED that the order is affirmed, without costs or disbursements.
The parties were married in 2004, have two children together, and were divorced by a judgment dated October 29, 2015. The children have been living with the father since May 2009. The mother has had supervised parental access with the children due to her mental health issues. The parties each filed a petition, in effect, for sole custody of the children. After a hearing, the Family Court denied the mother's petition, granted the father's petition, and awarded the mother supervised parental access. The mother appeals.
"In adjudicating custody and [parental access] rights, the most important factor to be considered is the best interests of the child" (Matter of Awan v Awan, 63 AD3d 733, 734; see Eschbach v Eschbach, 56 NY2d 167, 171). In determining the child's best interests, a court must consider the totality of the circumstances, including, among other things, "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Levingart v Levingart, 147 AD3d 763, 764 [internal quotation marks omitted]). "Since custody determinations depend to a great extent upon an assessment of the character and [*2]credibility of the parties and witnesses, the findings of the Family Court will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of O'Connell v McDermott, 80 AD3d 701, 701 [internal quotation marks omitted]).
Here, the Family Court's determination that it was in the best interests of the children to award sole custody to the father with supervised parental access to the mother has a sound and substantial basis in the record, and accordingly, we decline to disturb it (see Matter of Levingart v Levingart, 147 AD3d 763).
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court