Matter of Epstein v Soler-Epstein (2020 NY Slip Op 06782)





Matter of Epstein v Soler-Epstein


2020 NY Slip Op 06782


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
MARK C. DILLON
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY, JJ.


2019-06941
 (Docket Nos. V-8177-12/18A, V-8178-12/18A)

[*1]In the Matter of Joseph Epstein, respondent,
v
Anna Soler-Epstein, appellant.


Ursula A. Gangemi, Brooklyn, NY, for appellant.
DiMascio & Associates, LLP, Garden City, NY (John DiMascio, Jr., Lisa J. Silverman, and Tiffani DiPrizito of counsel), for respondent.
John M. Zenir, Garden City, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Eileen C. Daly-Sapraicone, J.), dated June 6, 2019. The order, insofar as appealed from, after a hearing, granted the father's amended petition to modify the parental access provisions of an order of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), dated July 14, 2016, so as to award him expanded parental access with the parties' children.
ORDERED that the order dated June 6, 2019, is affirmed insofar as appealed from, without costs or disbursements.
The parties were divorced by a judgment of divorce entered February 28, 2017. There are two children of the marriage, born in 2007 and 2009. The judgment of divorce incorporated but did not merge an order dated July 14, 2016, which, after a trial, awarded sole custody of the children to the mother, with limited parental access to the father. The order provided that, upon the father's completion of a program to address the issues of his alcohol consumption, he would have the right to apply for overnight parenting time and expanded vacation time with the children.
In March 2018, the father commenced this proceeding to modify the parental access provisions of the prior order, alleging that he successfully completed a seven-month alcohol abuse treatment program. In an order dated June 6, 2019, following a hearing, the Family Court, inter alia, granted the father's amended petition and modified the prior order so as to provide the father with expanded parental access, including certain overnight parenting time, conditioned upon, among other things, his procurement of a SoberLink device and enrollment in a daily reporting service that forwards the results to the mother on a weekly basis. The mother appeals.
A parental access order may be modified upon a showing of sufficient change in circumstances since the entry of the prior order such that modification is warranted to further the child's best interests (see Matter of Cabano v Petrella, 169 AD3d 901, 902; Matter of Pena v Tiburcio, 162 AD3d 670, 670-671). "The paramount concern when making such a determination [*2]is the best interests of the child under the totality of the circumstances" (Matter of Cabano v Petrella, 169 AD3d at 902; see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Pena v Tiburcio, 162 AD3d at 670-671). Since the Family Court's determination with respect to parental access depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, deference is accorded to its findings in this regard, and such findings will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Gangi v Sanfratello, 157 AD3d 677, 678; Matter of Pena v Cordero, 152 AD3d 697, 698).
Here, giving due deference to the Family Court's assessment of the credibility and sincerity of the father, the court's determination that the father had established a change in circumstances in accordance with the prior order that warranted expanded parental access in the best interests of the children was supported by a sound and substantial basis in the record (see Matter of Carrie ZZ. v Aaron YY., 178 AD3d 1291, 1292; Matter of LaChere v Maliszweski, 157 AD3d 696, 696-697; cf. Matter of Steven EE. v Laura EE., 176 AD3d 1323, 1324-1325; Matter of Sharyn PP. v Richard QQ., 83 AD3d 1140, 1142-1143). The father provided documents establishing his successful completion of the treatment program and proffered testimony by his counselor in the program. While the father admitted that he drank alcohol on a few occasions during and after completing his treatment program, the evidence established that the father had progressed in his treatment, tested negative for alcohol on all monthly screenings by the court following his initial test, and now recognizes his alcoholism and the need to refrain from alcohol use. Further, the court directed strict sobriety controls so as to ensure the father's sobriety during his parental access periods.
Accordingly, the Family Court's determination to grant the father's amended petition had a sound and substantial basis in the record and will not be disturbed.
MALTESE, J.P., DILLON, LEVENTHAL and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court