Matter of Zyirr J. (Chaniece T.) (2021 NY Slip Op 00847)





Matter of Zyirr J. (Chaniece T.)


2021 NY Slip Op 00847


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
BETSY BARROS, JJ.


2019-00005
 (Docket Nos. N-14179-14, V-10288-14/14A/14B/14C/14D, V-11821-14/14B/14C/14D)

[*1]In the Matter of Zyirr J. (Anonymous). Administration for Children's Services, petitioner; Chaniece T. (Anonymous), et al., respondents. (Proceeding No. 1.)
In the Matter of William Johnson, respondent,
and
Chaniece Trotman, appellant. (Proceeding No. 2.)
In the Matter of Chaniece Trotman, appellant,William Johnson, respondent. (Proceeding No. 3.)


Geanine Towers, Brooklyn, NY, for appellant.
Cheryl Charles-Duval, Brooklyn, NY, for respondent William Johnson.
James E. Johnson, Corporation Counsel, New York, NY (Scott Shorr and Tahirih M. Sadrieh of counsel), for petitioner in Proceeding No. 1, Administration for Children's Services.
Karen P. Simmons, Brooklyn, NY (Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10 and related proceedings pursuant to Family Court Act article 6 which were joined for hearing, the mother appeals from an order of the Family Court, Kings County (Ilana Gruebel, J.), dated November 27, 2018. The order, after a hearing, granted the father's petition for sole custody of the parties' child, and, in effect, denied the mother's petition for sole custody of the child.
ORDERED that the order is affirmed, without costs or disbursements.
The mother and the father have a child together. The child, who is currently 15 years old, has been living with the father since May 2014. The mother has had supervised parental access with the child. The parties each filed a petition for sole custody of the child. After a hearing, the Family Court granted the father's petition, in effect, denied the mother's petition, and awarded the mother supervised parental access. The mother appeals.
"In adjudicating custody and [parental access] rights, the most important factor to be considered is the best interests of the child" (Matter of Awan v Awan, 63 AD3d 733, 734; see Eschbach v Eschbach, 56 NY2d 167, 171). In determining the child's best interests, a court must consider the totality of the circumstances, including, among other things, "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Levingart v Levingart, 147 AD3d 763, 764 [internal quotation marks omitted]). "Since custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, the findings of the Family Court will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of O'Connell v McDermott, 80 AD3d 701, 701 [internal quotation marks omitted]).
Here, the Family Court's determination that it was in the best interests of the child to award sole custody to the father with supervised parental access to the mother has a sound and substantial basis in the record, and accordingly, we decline to disturb it.
AUSTIN, J.P., MILLER, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court