R.K. v R.G. (2021 NY Slip Op 05327)





R.K. v R.G.


2021 NY Slip Op 05327


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
FRANCESCA E. CONNOLLY
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2020-01782
 (Index No. 11797/07)

[*1]R.K., appellant, 
v
R.G., respondent.


Eve Bunting-Smith, White Plains, NY, for appellant.
R. G., New Rochelle, NY, respondent pro se.



DECISION & ORDER
In a matrimonial action in which the parties' marriage was annulled by a judgment dated November 8, 2012, the mother appeals from an order of the Supreme Court, Westchester County (Lewis J. Lubell, J.), dated January 7, 2020. The order, upon remittitur from this Court by decision and order dated February 20, 2019 (see R.K. v R.G., 169 AD3d 892), set forth a new parental access schedule for the father.
ORDERED that the order is modified, on the law and in the exercise of discretion, by adding thereto a provision directing that the father shall, each Tuesday, take the child to all scheduled baseball practice sessions and other activities in which the child is interested, regardless of whether those activities may have been arranged by the mother; as so modified, the order is affirmed, without costs or disbursements.
The parties were married in 2006 and are the parents of one child born in 2007. In 2007, the mother commenced an action for a divorce and ancillary relief against the father in which the father counterclaimed for an annulment. Pursuant to a judgment of annulment dated November 8, 2012, the parties' marriage was annulled, the mother was awarded sole legal and physical custody of the child, and the father was awarded parental access. Subsequently, the father moved, inter alia, to modify the custody provisions of the judgment of annulment so as to award him sole legal and physical custody of the child.
Following a hearing, in an order dated June 28, 2017, as amended February 23, 2018, the Supreme Court awarded the parents "equal legal rights and responsibilities to the [c]hild," and, among other things, directed that the mother's four weeks of summer parental access with the child be nonconsecutive, and that the father shall have parental access with the child on the first three weekends of every month beginning with timely pick up of the child on Thursday at the child's school or camp, or other mutually agreed upon location, with the child to be timely returned on Monday morning to the child's school or camp, or other mutually agreed location. The mother appealed, the father cross-appealed, and this Court modified the order determining, inter alia, that it would be more appropriate for the father to have parental access with the child every other weekend, and one overnight per week (see R.K. v R.G., 169 AD3d 892, 894-895). We also noted that it was unclear from the order whether the Supreme Court intended the parties to have four consecutive weeks of summer parental access (see id. at 895). We remitted the matter to the Supreme Court, Westchester County, to set forth a new parental access schedule (see id.).
Upon remittitur, the Supreme Court, in an order dated January 7, 2020, among other things, directed that each party was entitled to take his or her four weeks of summer parenting time [*2]"in increments of one, two, three or four weeks at a time, as he or she shall choose" and that the father shall have parental access with the child on alternate weekends, from Thursday after school or camp until Monday morning, and Tuesdays overnight. Although the court directed the mother, each Wednesday, to take the child to all scheduled baseball practice sessions and other activities in which the child is interested, regardless of whether those activities may have been arranged by the father, the January 7, 2020 order did not contain a corresponding requirement for the father to take the child to such activities on Tuesdays. The mother appeals.
The determination of parental access is within the sound discretion of the court based upon the best interests of the child and should not be set aside unless it lacks a sound and substantial basis in the record (see Goikhman v Biton, 183 AD3d 704, 705). Here, the Supreme Court's determination that each party is entitled to take his or her four weeks of summer parenting time "in increments of one, two, three or four weeks at a time, as he or she shall choose" and that the father shall have parental access with the parties' child on alternate weekends, from Thursday after school or camp until Monday morning, and Tuesdays overnight, has a sound and substantial basis in the record, and there is no basis to disturb it (see Matter of Epstein v Soler-Epstein, 188 AD3d 1052, 1054; Reilly v Hager-Reilly, 166 AD3d 825, 827).
However, there is not a sound and substantial basis in the record for the Supreme Court's failure to require the father, each Tuesday, to take the child to all scheduled baseball practice sessions and other activities in which the child is interested, regardless of whether those activities may have been arranged by the mother (see Matter of Goldhaber v Rosen, 119 AD3d 862, 863).
Contrary to the mother's contention, it was proper for the Supreme Court to take the child's wishes into consideration (see Matter of Maxwell v Watt, 152 AD3d 693).
CHAMBERS, J.P., CONNOLLY, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court