Matter of Saliba v Melvin (2024 NY Slip Op 02711)

Matter of Saliba v Melvin

2024 NY Slip Op 02711

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2023-03178
 (Docket Nos. V-210-13/21I/22J/22N, V-211-13/21J/22K/22O, V-212-13/21H/22I)

[*1]In the Matter of Jean Paul Saliba, appellant,
v
Michelle C. Melvin, respondent. (Proceeding No. 1)
In the Matter of Michelle C. Melvin, respondent, Jean Paul Saliba, appellant. (Proceeding No. 2)

Darla A. Filiberto, Islandia, NY, for appellant.
Arza R. Feldman, Manhasset, NY, for respondent.
Jordan Freundlich, Lake Success, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Frank A. Tantone, J.), dated February 10, 2023. The order, insofar as appealed from, after a hearing, denied that branch of the father's petition which was to modify an order of the same court dated February 2, 2021, so as to award him sole residential custody of the parties' two youngest children, granted the mother's petition, in effect, to modify the order dated February 2, 2021, inter alia, so as to award her sole legal and residential custody of the parties' two youngest children, and awarded the mother certain final decision-making authority with respect to those children and only certain parental access to the father.
ORDERED that the order dated February 10, 2023, is affirmed insofar as appealed from, without costs or disbursements.
The parties have three children together, born in 2006, 2010, and 2011, respectively. In 2013, the parties entered into a so-ordered stipulation of settlement, pursuant to which they agreed, among other things, to share joint legal custody of the children, that the mother would have primary residential custody of the children, and that the father would have parental access. The so-ordered stipulation of settlement was modified on consent of the parties pursuant to an order dated February 2, 2021 (hereinafter the prior order). The prior order, inter alia, changed the father's parental access schedule with the children from three weekends per month to alternating weekends. On February 5, 2021, the father filed a petition to modify the prior order, among other things, so as to award him sole residential custody of the parties' two youngest children (hereinafter the subject children). On September 19, 2022, the mother filed a petition, in effect, to modify the prior order so as to award her sole legal and residential custody of the subject children and to change the father's parental access. After a hearing, the Family Court, inter alia, denied that branch of the father's [*2]petition which was to modify the prior order so as to award him sole residential custody of the subject children, granted the mother's petition, and awarded the mother certain final decision-making authority and only certain parental access to the father. The father appeals.
"In order to modify an existing court-ordered custody arrangement, there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interests of the child" (Matter of Cook v Perez, 215 AD3d 960, 962 [internal quotation marks omitted]; see Matter of Epstein v Soler-Epstein, 188 AD3d 1052, 1053). The best interests of the child must be determined by reviewing the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 174; Matter of Pierce v Caputo, 214 AD3d 877, 878; Matter of Burke v Squires, 202 AD3d 784, 786). "[A] child's expressed preference, while not determinative, may . . . be indicative of the child's best interests" (Matter of Miller v Shaw, 160 AD3d 743, 744).
Here, the Family Court's determination has a sound and substantial basis in the record and therefore should not be disturbed (see Matter of Kim v Becker, 223 AD3d 813, 815; Matter of Patten v Patten, 206 AD3d 811, 812).
IANNACCI, J.P., FORD, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court